# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAY E. CLEGG,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0218**  (BOR Appeal No. 2046292)
                    (Claim No. 2009082115)

**OHIO POWER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay E. Clegg, by Robert M. Williams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Power Company, by Henry Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2012, in which the Board affirmed a July 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 8, 2010, decision granting a 0% permanent partial disability award. The Office of Judges granted Mr. Clegg a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clegg worked as an instrument control technician for Ohio Power Company for over thirty years. His occupation required him to occasionally use an electrical impact wrench and to open and close valves on gas tanks. But his work was primarily clerical in nature. Beginning in 2008, Mr. Clegg started having numbness and pain in his hands which gradually worsened. Mr. Clegg was diagnosed with moderately severe bilateral carpal tunnel syndrome. Mr. Clegg underwent carpal tunnel release surgery in December of 2008, in February of 2009, and in

February of 2010. On February 18, 2009, Mr. Clegg submitted a request for workers' compensation benefits and his claim was held compensable on March 30, 2009, for carpal tunnel syndrome. Following this decision, Dr. de Garmeaux found that Mr. Clegg had reached the maximum degree of medical improvement for his carpal tunnel syndrome and found 13% whole person impairment. Mr. Clegg was then evaluated by Dr. Kann who also found that he had reached the maximum degree of medical improvement. But Dr. Kann found that Mr. Clegg had no impairment relating to his carpal tunnel syndrome. On July 8, 2010, the claims administrator granted Mr. Clegg 0% permanent partial disability based on Dr. Kann's recommendation. Following this decision, Mr. Clegg was evaluated by Dr. Jin who found 5% whole person impairment based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On July 29, 2011, the Office of Judges reversed the claims administrator's July 8, 2010, decision and granted Mr. Clegg a 5% permanent partial disability award. The Board of Review then affirmed the Order of the Office of Judges on January 23, 2012, leading Mr. Clegg to appeal.

The Office of Judges concluded that Mr. Clegg was entitled to a 5% permanent partial disability award relating to his carpal tunnel syndrome. In reaching this conclusion, the Office of Judges relied on the opinion of Dr. Jin. The Office of Judges found Dr. Jin's report to be the most persuasive evidence in the record because Dr. Jin applied the American Medical Association's *Guides* and provided an explanation of how she determined Mr. Clegg's whole person impairment. The Office of Judges considered the findings of Dr. de Garmeaux. But the Office of Judges found that Dr. de Garmeaux did not give a full explanation of his opinion in accordance with West Virginia Code of State Rules § 85-20-66 (2006). The Office of Judges found that he did not explain how he arrived at his rating and he did not make reference to the American Medical Association's *Guides*. The Office of Judges also considered the opinion of Dr. Kann but it found that Dr. Kann's report was the least persuasive of the reports in the record. The Office of Judges found it unpersuasive that Mr. Clegg would have no permanent impairment even though he had three surgeries related to this claim and continued to exhibit objectively verifiable problems. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Dr. Jin properly relied on the American Medical Association's *Guides* and adequately explained how she arrived at her determination of Mr. Clegg's whole person impairment. Her recommendation is the most persuasive evidence in the record and the Office of Judges was justified in relying on her report. Mr. Clegg is entitled to a 5% permanent partial disability award relating to this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II